Jack RUBIN, Alex Moskovic, Irene Mermelstein, Fred Taucher, Hans Lindenbaum, David Mermelstein, Objector–Appellants,

v.

**ASSICURAZIONI GENERALI S.P.A.,**
Defendant–Appellee,

Samuel Hersly, Agnes Heyman, Paola Oreffice Kulp, Eugenia Schencker, Plaintiff–Appellees.

No. 07–1380–cv.

United States Court of Appeals, Second Circuit.

June 6, 2008.

Samuel K. Dubbin, Dubbin & Kravetz, LLP, Miami, FL, for Appellants.

Robert A. Swift, Kohn, Swift & Graf, P.C., New York, N.Y. (Nancy Sher Cohen and Reynold L. Siemens, Heller Ehrman LLP; Lawrence Kill and Linda Gerstel, Anderson, Kill & Olick, P.C.; Elizabeth J. Cabraser, Morris A. Ratner, and Caryn Becker, Lieff, Cabraser, Heimann & Bernstein, LLP on the brief), for Plaintiffs–Appellees Samuel Hersly et al.

Marco E. Schnabl, Skadden, Arps, Slate, Meagher & Flom LLP, New York, N.Y. (Kenneth J. Bialkin, Barry H. Garfinkel, Peter Simhauser, on the brief), for Defendant–Appellee Assicurazioni Generali S.P.A.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Circuit Judges.*

---

* This case was originally before a panel consisting of Judges Miner, Cabranes, and the Honorable Thomas J. Meskill. In an order issued on October 2, 2007, the panel remanded the matter under the procedures set forth in *United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994). Judge Meskill passed away before this matter was re-submitted. Accordingly, the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Interim R. 0.14(b).

## SUMMARY ORDER

Plaintiffs-appellants appeal from a January 7, 2008 order of the District Court (1) approving a settlement agreement providing for the release of plaintiffs' monetary claims against defendant-appellee Assicurazioni Generali S.P.A. ("Generali") and (2) entering final judgment in Generali's favor. On October 2, 2007, we vacated a prior order of the District Court approving the settlement agreement and remanded this matter so that appropriate individual notice of the proposed settlement could be given to class members in accordance with *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620–21, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). After notice was given pursuant to our October 2, 2007 order, the District Court held a fairness hearing and issued the January 7, 208 order approving the settlement agreement. We assume the parties' familiarity with the facts, procedural history, and scope of the issues raised.

Plaintiffs-appellants contend that the settlement agreement "is significantly broader than the scope of the possible benefits and beneficiaries of the settlement," Supp. Br. 50, because, *inter alia*, it releases claims held by class members who will not be compensated under the settlement because they have not filed claims.[1] On this basis, they argue that "the settlement [agreement] is invalid under *National Super Spuds, Inc. v. New York Mercantile Exchange*, 660 F.2d 9 (2d Cir.1981)." *Id.* at 52.

In *Super Spuds*, we invalidated a settlement on the grounds that (1) the underlying settlement agreement provided for release of two types of claim "in return for payments that were to be determined solely" based on of rights under one type of claim, 660 F.2d at 15; and (2) "the notice of settlement did not adequately apprise class members" that their second type of claim "[was] being placed on the block ... in return [for nothing]," *id.* at 16; *see also Joel A. v. Giuliani*, 218 F.3d 132, 143 (2d Cir.2000) (noting that, in *Super Spuds*, we objected to the fact that "(1) a finite settlement fund was to be allocated among class members, and (2) claims of certain class members ... were valued at zero in order to provide a higher payment to claims of other class members.").

The settlement agreement challenged in the instant case provides for release of all claims against Generali "resulting from or relating to any Insurance Policy," App. 65, in return for payments "based on a formula that takes into consideration amounts due on policies, currency conversion and interest ....," *id.* at 119. There is no cap on the amount to be allocated among class members, and the ability to establish a valid claim constitutes the factual predicate for both the claims being released and claims being compensated. In addition, the record indicates that the notice provided to potential class members satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and *Amchem Products*, 521 U.S. at 620–21, 117 S.Ct. 2231. For these reasons, we conclude that it was not error for the District Court to approve the settlement. *Cf. TBK Partners, Ltd. v.*

---

1. Plaintiffs-appellants also contend that the settlement agreement unfairly denies recovery to individuals who previously filed unsuccessful claims with the International Commission for Holocaust Era Insurance Claims ("ICHEIC"). This concern is, however, belied by record evidence that individuals who had participated in the ICHEIC process would not be barred from submitting claims pursuant to the settlement agreement. *See, e.g.,* Supp. J.A. 22 (noting that "[a]ny Class Member may submit a Claim Form even if a prior Claim Form was denied by ICHEIC" but advising that "it is likely the claim will be denied unless the Claim Form includes new information"). Accordingly, we reject this claim as lacking in merit.

*Western Union Corp.,* 675 F.2d 456, 460 (2d Cir.1982); *see also id.* at 460 ("As long as the overall settlement is found to be fair and class members were given sufficient notice and opportunity to object to the fairness of the release, we see no reason why the judgment upon settlement cannot bar a claim that would have to be based on the identical factual predicate as that underlying the claims in the settled class action." (footnote omitted)).

Having considered all of plaintiffs-appellants' arguments on appeal and found them to be without merit, we AFFIRM the judgment of the District Court.